CAMPBELL & COOMBS, P.C.
1811 S. Alma School Road, Suite 225
Mesa, Arizona 85210
(480) 839-4828
Fax: (480) 897-1461

Harold E. Campbell
State Bar No. 005160
Maureen N. McAuliffe
State Bar No. 026307
Attorney for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDY S. MANRIQUE,<br><br>Debtor, | In Proceedings Under Chapter 11<br><br>Case No. 2:10-BK-33580-SSC |

**DEBTOR'S PLAN OF REORGANIZATION**

The Debtor in the above entitled and numbered Chapter 11 case proposes this Plan of Reorganization.

**ARTICLE I**
**DEFINITIONS**

In reviewing this Plan of Reorganization the following definitions will be used:

1. "*Andy S. Manrique*" shall mean Andy S. Manrique Debtor-in-Possession in this Chapter 11 proceeding.

2. "*Code*" shall mean Title 11 of the United States Code as amended.

3. "*Confirmation of the Plan*" shall mean the entry by the Court of an Order confirming the Plan in accordance with Chapter 11.

4. "*Consummation of the Plan*" shall mean the accomplishment of all things contained or provided for in the Plan, and the entry of an Order finally dismissing this case.

5. *"Cornell Drive"* shall refer to Debtor's homestead located at 1956 E. Cornell Drive,

Tempe, Arizona 85283.

6. "*Court*" shall mean the United States Bankruptcy Court for the District of Arizona in which this case is pending.

7. "*Creditors*" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever.

8. "*Debtor*" shall mean Andy S. Manrique, as listed in the caption of the Disclosure Statement and Plan.

9. "*Department of Revenue*" or "*ADOR*" is the Arizona taxing authority empowered to assess and collect income taxes, employment, sales and other taxes imposed by law.

10. "*Disbursing Agent*" shall mean the person or entity that will be responsible for making the payments to creditors called for in the Plan.

11. "*Duke Property*" shall refer to the rental condo located at 1924 E. Duke Dr., Tempe, Arizona 85283.

12. "*Effective Date*" shall mean 30 days after the date on which the Order confirming this Plan of Reorganization becomes final and non-appealable.

13. "*General Unsecured Claims*" shall mean all claims held by creditors of the Debtor, other than Secured Claims and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

14. "*Government Units*" shall mean the Internal Revenue Service, Arizona Department of Revenue and various municipal taxing authorities.

15. "*Insider*" shall mean a relative or general partner of Debtor, a partnership in which the Debtor is a general partner or a corporation of which the Debtor is an officer, director or person in control.

16. "*IRS*" shall mean the Internal Revenue Service.

17. "*Lien*" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on the Debtor's property effective under applicable law as of the date of the Debtor's petition for reorganization.

18. "*Monaco Property*" shall refer to the rental condo located at 5255 S. Monaco Dr., Tempe, Arizona 85283.

19. "*Periodic Payment*" shall mean the monthly or quarterly payments to be made by Debtor after the effective date to fund its Plan.

20. "*Plan*" shall mean the Plan of Reorganization in its present form or as it may be amended or supplemented.

21. "*Priority Claim*" shall mean the claim of any creditor entitled to priority under Section 507 of the Code.

22. "*Secured Claim*" shall mean all claims secured by liens on the property of the Debtor, which liens are valid, perfected, and enforceable under applicable law, are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case.

**ARTICLE II**

GENERAL PROVISIONS

The following general provisions apply to this Plan:

1. <u>Claims</u>: Various types of claims are defined in this plan. The Plan is intended to deal with all claims against Debtors of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502(a). However, only those claims allowed pursuant to Section 502(a) of the Bankruptcy Code will receive treatment afforded by the Plan in Article IV.

2. <u>Preserved Liens</u>: To the extent required under Section 1124(2) of the Bankruptcy Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, be preserved or will otherwise be satisfied by cash payment.

3. <u>Modification of the Plan</u>: This Plan may be modified upon any application by the Debtors or corrected prior to Confirmation after notice and hearing provided that the Bankruptcy Court finds that such modification or correction does not materially or adversely affect any creditor or class of creditors. After confirmation of the Plan the Debtors may, with the approval of the Court and so long as it does not materially and adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the order of Confirmation in such manner as may be necessary to carry out the purpose and effect of this Plan.

**ARTICLE III**

CLASSIFICATION OF CLAIMS

**Class 1: Costs of Administration of this Case**

**a**. <u>Nature of Claim</u>

These claims consist of attorney's fees owed to Campbell & Coombs, PC estimated at time of confirmation to be no more than $20,000.00. All fees due to Campbell & Coombs, PC will be paid pursuant to an Application for Attorney's Fees and Costs that will be submitted to the Court. However, Campbell & Coombs, PC is working off of $10,000.00 left from the original retainer being held in its trust account. Any fees owed to the United States Trustee are also in this class. These claims are priority claims under 11 U.S.C. 507 (a)(1). These claims are currently being calculated.

**b.** <u>Treatment of Class 1 - Unimpaired</u>:

All claims in this class will be paid in full on the effective date. If Debtor cannot pay this amount in full on the effective date, then all plan payments will be applied to this class until paid in full.

**Class 2: Jill Ford, Chapter 7 Trustee, Administrative Claim**

a. Nature of Claim

This Chapter 7 Priority claim consists of the claims of the Chapter 7 Trustee who was appointed in this case when Debtor's prior counsel initially filed a case under Chapter 7 of the Code. Per this Court's Order of July 11,2012, this claim is in the amount of $1,155.00.

**b.** Treatment of Class 2 - Unimpaired:

All claims in this class will be paid in full after the claims in Class 1 are paid in full. After the claims in Class 1 are paid in full, then all plan payments will be applied to this class until paid in full.

**Class 3: Allen, Sala, & Bayne, PLC, Counsel for Chapter 7 Trustee, Administrative Claim**

a. Nature of Claim

This Chapter 7 priority claim consists of the Counsel for Chapter 7 Trustee who was appointed in this case when Debtor's prior counsel initially filed a case under Chapter 7 of the Code. Per this Court's Order of July 11,2012, this claim is in the amount of $6,548.83.

**b.** Treatment of Class 3 - Unimpaired:

All claims in this class will be paid in full after the claims in Classes 1 and 2 are paid in full. After the claims in Classes 1 and 2 are paid in full, then all plan payments will be applied to this class until paid in full.

**Class 4: Internal Revenue Service ("IRS"), Priority Unsecured Claim**

a. Nature of Claim  These class consists of all Internal Revenue Service tax claims in the amount of not more than $570.90 for tax years 2009, 2010, and 2011 . Per its proof of claim, the tax claim consists of a priority unsecured claim of $370.90 for tax year 2009. The remaining $200.00 on the proof of claim filed by the IRS is tax liability that was assessed for non-filing returns for tax years

2010 and 2011. The returns for tax years 2010 and 2011 have since been filed by Debtor and show no additional tax liability for these tax years and instead demonstrate that Debtor will be receiving refunds in amounts sufficient to cover the $370.90 debt to the IRS. Debtor anticipates that the IRS will retain his refunds for 2010 and 2011 to cover the debt owed and that the IRS will either amend or withdraw it's proof of claim to reflect the same.

   **b.** Treatment of Class 2 - Unimpaired: Debtor has filed his 2010 and 2011 taxes. The IRS tax claim will be paid in full from Debtor's refunds for tax years 2010 and 2011 and it is anticipated that the IRS will amend or withdraw it's proof of claim accordingly.

**Class 5: J.P. Morgan Chase Bank, N.A.**

   a. Nature of Claim: This class consists of the allowed secured first mortgage claim on Debtor's homestead located at 1956 E. Cornell Dr., Tempe, AZ 85283.

   b. Treatment of Class 5 : Debtor shall pay this claim in full as per the note and deed of trust entered into between creditor and borrower on January 4, 2006 (or as per any subsequent loan modification potentially entered into between the parties in the future). Debtor's first mortgage is on a 30 year term, at a contract interest rate of 6.625% (this is an adjustable rate mortgage). The Debtor will pay the total amount of principal and interest due. Debtor will also catch up any arrears on this secured debt, outside the Plan, within 24 months of the Plan's effective date. Debtor is also in negotiations with this creditor on a possible loan modification that would allow a fixed interest and resolve any issue pertaining to arrearages.

**Class 6: J.P. Morgan Chase Bank, N.A.**

   a. Nature of Claim: This class consists of the Allowed Secured Claim held by J.P. Morgan Chase Bank. N.A., which is secured by a second position Deed of Trust on the property located at 1956 E.

Cornell Dr., Tempe, AZ 85283.

 **b.** <u>Treatment of Class 6- Impaired</u>: This class consists of a second mortgage, in favor of J.P. Morgan Chase Bank, N.A., that is secured by the real property located at 1956 E. Cornell Dr., Tempe, AZ 85283, which Debtors believe has a fair market value of $125,000.00 based on an appraisal and Debtor's knowledge of properties in the area and comparative sales. This is an amount less than the amount owed to the first mortgagee, J.P. Morgan Chase Bank, N.A.. Therefore, this is an unsecured claim pursuant to Section 506(a) of the Bankruptcy Code because the value of the real property is less than the amount of the first mortgage. This claim will be treated as a general unsecured claim and paid with the other unsecured claims in Class 11. Upon completion of Debtors' Plan and discharge, this debt will be discharged and this creditor will record a release of its lien. The confirmation order, pursuant to 11 U.S.C. 1129, and an adversary proceeding, will avoid and strip this lien.

**Class 7: IndyMac Mortgage Services ("IndyMac") (Duke Property)**

 **a**. <u>Nature of Claim</u>: This is a secured claim in the amount of $131,115.67 which is secured by a first position deed of trust on the Real Property located at 1924 E. Duke Dr., Tempe, Arizona 85283.

 **b.** <u>Treatment of Class 7 - Impaired</u>: : Pursuant to Section 506(a) of the Bankruptcy Code, this creditor will be paid the fair market value $88,600.00 as a secured claim (see Exhibit H) , with the remainder of its claim being treated as a general unsecured claim and paid with the other unsecured claims in Class 11. The secured portion of this claim will be amortized over 30 years at 5.00% interest. Monthly principal and interest payments will be made to this creditor in the amount of $475.62 and payments will begin on the effective date.

**Class 8: IndyMac Mortgage Services ("IndyMac") (Duke Property)- 2nd Mortgage**

 **a**. <u>Nature of Claim</u>: This class consists of the Allowed Secured Claim held by IndyMac Mortgage

Services, which is secured by a second position Deed of Trust on the property located at 1924 E. Duke Dr., Tempe, Arizona 85283.

      **b.** <u>Treatment of Class 8 - Impaired</u>: This class consists of a second mortgage, in favor of USAA Federal Savings Bank, that is secured by the real property located at 1924 E. Duke Dr., Tempe, Arizona 85283, which Debtor believes has a fair market value of $88,600.00 based on an appraisal and Debtor's knowledge of properties in the area and comparative sales. This is an amount less than the amount owed to the first mortgagee, IndyMac Mortgage Services. Therefore, this is an unsecured claim pursuant to Section 506(a) of the Bankruptcy Code because the value of the real property is less than the amount of the first mortgage. This claim will be treated as a general unsecured claim and paid with the other unsecured claims in Class 11. Upon completion of Debtor's Plan and discharge, this debt will be discharged and this creditor will record a release of its lien. The confirmation order, pursuant to 11 U.S.C. 1129, and an adversary proceeding, will avoid and strip this lien.

**Class 9: Nationstar Mortgage, LLC (Monaco Property)**

  **a**. <u>Nature of Claim</u>: This is a secured claim in the amount of $136,346.73 which is secured by a first position deed of trust on the Real Property located at 5255 S. Monaco Drive, Tempe, Arizona 85283..

  **b.** <u>Treatment of Class 9 - Impaired</u>: : Pursuant to Section 506(a) of the Bankruptcy Code, this creditor will be paid the fair market value $88,800.00 as a secured claim (see Exhibit H) , with the remainder of its claim being treated as a general unsecured claim and paid with the other unsecured claims in Class 11. The secured portion of this claim will be amortized over 30 years at 5.00% interest. Monthly principal and interest payments will be made to this creditor in the amount of $496.56 and payments will begin on the effective date.

8

**Class 10: Chase Auto Finance**

   **a**. <u>Nature of Claim</u>: This is a secured claim in the amount of $19,477.80 secured by a lien on Debtor's 2005 Porsche 911 Turbo. When Debtor originally filed his Chapter 7 case, he initially believed that this car was worth $66,007.00 and had a secured lien of $47,860.00. After doing required research for the filing of this Disclosure Statement, Debtor discovered that the fair market value of this vehicle is approximately $29,625.00 and his debt to Chase Auto Finance is actually only $19,477.80.

   **b.** <u>Treatment of Class 10 - Impaired</u>: Debtor shall pay this claim in full at an interest rate of 3.9% with 60 equal monthly payments of $357.84, beginning on first day of the month following the effective date, continuing on the first day of the month thereafter until paid in full.

**Class 11: Dr. Vernon Eddlemon**

   **a**. <u>Nature of Claim</u>: This class includes the debt to Dr. Vernon Eddlemon, the dentist from which Debtor purchased the dental practice, New Image Dentistry. Debtor still owes Dr. Eddlemon $85,000.00 on the contract to purchase this practice.

   **b.** <u>Treatment of Class 11 - Impaired</u>: Debtor shall pay this claim in full, outside the plan, with 120 equal monthly payments of $710.00, beginning on first day of the month following the effective date, continuing on the first day of the month thereafter until paid in full.

**Class 12: Compass Bank**

   **a**. <u>Nature of Claim</u>: This class consists of the Allowed Secured Claim held by Compass Bank, which is secured by a secondary Deed of Trust on the property located at 1956 E. Cornell Dr., Tempe, AZ 85283.

   **b.** <u>Treatment of Class 12- Impaired</u>: This class consists of a secondary mortgage lien, in favor of

Compass Bank, that is secured by the real property located at 1956 E. Cornell Dr., Tempe, AZ 85283, which Debtor believes has a fair market value of $125,000.00 based on an appraisal and Debtor's knowledge of properties in the area and comparative sales. This is an amount less than the amount owed to the first mortgagee, J.P. Morgan Chase Bank, N.A.. Therefore, this is an unsecured claim pursuant to Section 506(a) of the Bankruptcy Code because the value of the real property is less than the amount of the first mortgage. This claim will be treated as a general unsecured claim and paid with the other unsecured claims in Class 13. Upon completion of Debtors' Plan and discharge, this debt will be discharged and this creditor will record a release of its lien. The confirmation order, pursuant to 11 U.S.C. 1129, and an adversary proceeding, will avoid and strip this lien.

**Class 13: General Unsecured Claims**

**a**. Nature of Claim: This class includes secured debt listed in classes 6 through 9, and Class 12 that has become unsecured debt pursuant to Debtor's Plan stripping said creditors' lien or as a result of a cram down. This class also consists of all unsecured debt listed on Debtor's Schedule F, other than the debt to Dr. Eddlemon which has been addressed in class 11 .

**b.** Treatment of Class 13 - Impaired: This class consists of the Allowed Unsecured Claims of Creditors. This class will be paid a pro-rata portion of their claims by monthly payments of Debtor's disposable income beginning after Class 4 is paid, see **Exhibit "G"**. These payments will continue through month sixty (60) of Debtor's Plan, or until the sum of $63,600.00 is paid, at which time their debts will be discharged.

**ARTICLE V**
MEANS FOR EXECUTION OF PLAN

The Debtors' Plan will be funded through salary from George's employment at United Airlines, and

10

net income from the rental of the two investment properties. The Debtors shall act as the Disbursing Agent under the Plan. Payments will be made monthly under the plan of $1,060.00.

In the event any entity which possesses an Allowed Secured Claim, or any other lien in any of the Debtors' property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtors may record a copy of the Plan and the Confirmation Order with the appropriate governmental agency and such recording shall constitute the lien release and creation of the necessary new liens to satisfy the terms of the Plan. If the Debtors deem advisable, they may obtain a further Order from the Court which may be recorded in order to implement the terms of the Plan.

**ARTICLE VI**

RETENTION OF JURISDICTION

The Court retains jurisdiction of this case after Confirmation until all payments and distributions called for under the Plan have been made and until the Consummation of Plan, in respect to the following matters:

A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

B. To hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

C. To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claims;

D. To adjudicate all claims to any lien on any property of the Debtor or any proceeds thereof;

E. To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

F. To allow or disallow any claim; and

G. To make such orders as are necessary or appropriate to carry out the provisions of this Plan.

If any claim or any portions thereof is challenged or has been challenged by objection or otherwise, the Debtor shall segregate and set aside a portion of the Creditors' fund sufficient to satisfy the distribution which would be payable under the plan on such claim as filed, or as scheduled by the Debtor. The portion of the Creditors' Fund not so segregated shall be distributed in accordance with the provisions of this Plan. In the event an objection is sustained or a dispute is resolved favorably to the party asserting such claim, then the segregated funds shall be paid to the party asserting the disputed claim in accordance with this Plan. If the objection is overruled, the segregated funds shall be added back in to the Creditors' Fund.

DATED: February 28, 2013

                CAMPBELL & COOMBS, P.C.

                By:    /s/ Maureen N. McAuliffe #026307
                      Attorney for Debtor