&lt;SPACE ABOVE THIS LINE FOR COURT USE ONLY&gt;

CAMPBELL & COOMBS, P.C.
1811 S. Alma School, Suite 225
Mesa, Arizona 85210
Phone: (480) 839-4828  Fax: (480) 897-1461
Harold E. Campbell, Esq. State Bar No. 005160
Vincent R. Mayr, Esq. State Bar No. 013954
*Attorneys for Debtor* Vincent@haroldcampbell.com

CHARLES L. FIRESTEIN, P.C.
Charles L. Firestein (#002986)
7227 N 16th Street, Ste 124
Phoenix, Arizona 85020
(602) 235-9000 Fax: (602) 235-9040
Email: Charles@firesteinpc.com
Attorneys for Secured Creditor One West Bank, FSB

## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANDY S. MANRIQUE,<br><br>Debtor.<br><br>ONE WEST BANK, FSB, as SERVICING AGENT FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LEX2006-10N, its assignees and/or successors in interest,<br><br>Movant.<br><br>vs.<br><br>ANDY S. MANRIQUE, Debtor.<br><br>Respondent. | Chapter 11 Proceeding<br><br>Admin Case No. 2:10-bk-33580-SSC<br><br>**ORDER APPROVING STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN** |

The parties having entered into a Stipulation Resolving Objection to Chapter 11 Plan,

The terms of the Stipulation appearing to be fair and reasonable under the circumstances,

IT IS HEREBY ORDERED APPROVING the Stipulation,

IT IS FURTHER ORDERED as follows:

1. This Order relates to the Secured Creditor's first lien/Deed of Trust in relation to the Property located at 1924 Duke Drive, Tempe, Arizona 85283 and described in the Deed of Trust as:

   LOT 103, KNOELL VILLE MONACO, ACCORDING TO BOOK 155 OF MAPS, PAGE 27, RECORDS OF MARICOPA COUNTY, ARIZONA.

   (Hereafter the "Collateral" or the "Property").

2. The value of the Subject Property (the Collateral), for purposes of the chapter 11 plan, is fixed at $ 107,000.00.

3. The total amount of the Secured Claim against the Collateral is agreed to be $ 107,000.00. The total amount of the unsecured claim shall be $ 24,716.22.

4. The Debtor shall pay the Secured Claim in monthly payments, amortized over thirty (30) years, with interest at 5.25% interest per annum.

5. The Debtor shall tender principal and interest payments in equal monthly installments commencing thirty (30) days after the Effective Date of the Plan and continuing until all such outstanding amounts under the Secured Claim are paid in full.

6. The terms of the Stipulation are contingent upon the substantial consummation of the Debtor's Confirmed Plan. The terms of the Stipulation may not be modified, alternated, or changed by the Plan, any confirmation order thereof, any subsequently proposed amended Chapter 11 Plan of Reorganization, or

Confirmation Order, without the express written consent of the Secured Creditor. The terms of the Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtors' Plan, the terms of the Stipulation and this Order shall control the treatment of this Secured Creditor's claim.

7. The Stipulation constitutes a Class 7 Secured ballot voting in favor of Debtor's Chapter 11 Plan, as well as a Class 11 Unsecured ballot voting in favor of Debtor's Chapter 11 Plan.

8. In the event of any future default on any of the above-described provisions, inclusive of the Stipulation, Secured Creditor shall provide written notice via certified mail at the last known address of the Debtor and to the Debtor's counsel of record indicating the nature of the default. Barring any bona-fide legal dispute, if the Debtor fails to cure the Default with certified funds after the passage of thirty (30) calendar days from the date said written notices are placed in the mail, then the Automatic Stay shall terminate and Secured Creditor may proceed to foreclose its security interest in the Collateral under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Collateral without further notice, order or proceeding of this Court. If there is a bona-fide legal dispute relating to the alleged default, debtor will advise Secured Creditor within the thirty (30) day period and immediately have a court hearing set for the bankruptcy judge to consider the matter. Failing that, Secured Creditor may proceed as described in this paragraph.

9. The acceptance of a late or partial payment by the Secured Creditor shall not act as a waiver of its right to proceed hereunder.

10. In the event the Debtor defaults under the Stipulation and Secured Creditor forwards a 30-day letter to the Debtor and his counsel, the Debtor shall be required to tender a fee of $100.00 for each default letter sent to the Debtor. There shall be no fee for letters sent to Debtor's counsel. This fee must be submitted to Secured Creditor, along with any principal and interest needed in order to cure the default.

11. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Secured Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall terminate without further notice, order, or proceeding of the Court.

12. The Court having approved the Stipulation, so long as the terms of the Stipulation are incorporated into the Order Confirming Debtor's Chapter 11 Plan, then Secured Creditor will not be required to sign the Order Confirming Plan.

**SO ORDERED BY THE JUDGE WHOSE SIGNATURE APPEARS ABOVE**

The foregoing document has been reviewed, and is stipulated to by counsel undersigned.

CAMPBELL & COOMBS, P.C.

By: /s/ VRM 013954
Vincent R. Mayr, Esq.
Attorney for Debtor

CHARLES L. FIRESTEIN, P.C.

By: _____  04/27/13
Charles L. Firestein (002986)
7227 North 16th Street, Ste 124
Phoenix, Arizona 85020
Attorney for Creditor/Movant