Sarah S. Curley, Bankruptcy Judge

_____

**<SPACE ABOVE THIS LINE FOR COURT USE ONLY>**

**CAMPBELL & COOMBS, P.C.**
1811 S. Alma School Road, Suite 225
Mesa, Arizona 85210
(480) 839-4828
Fax: (480) 897-1461

Harold E. Campbell, Esq.
State Bar No. 005160
Vincent R. Mayr, Esq.
State Bar No. 013954
Attorneys for Debtor
heciii@haolrdcampbell.com
vincent@haroldcampbell.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 |
| ANDY S. MANRIQUE, | Case No. 2:10-BK-33580-SSC |
| Debtor, | |

**STIPULATED ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN**

The Debtor's Chapter 11 Plan ("Plan") under chapter 11 of title 11, United States Code, filed

by Debtor on February 28, 2013 at docket no. 126, having been transmitted to creditors and

equity security holders; and it having been determined after hearing on notice that:

(1) The plan, a copy of which is hereto annexed (Exhibit A), has been accepted in writing by

the creditors and equity security holders whose acceptance is required by law; and

(2) The provisions of chapter 11 of title 11, United States Code, have been complied with; the proponent of the plan has complied with the provisions of said chapter 11;

(3) Each holder of an impaired claim or interest has accepted the plan or, will receive or retain under the plan on account of such claim or interest in property a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of said title 11 on such date;

(4) The identity, qualifications and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtor have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy;

(5) The identities of any insider that will be employed or retained by the reorganized Debtor and the nature of said insider's compensation have been fully disclosed ; and

(6) Confirmation of the plan is not likely to be followed by the liquidation or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan; therefore

(7) Notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation relating to financial condition, the Debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan, and shall comply with any orders of the court. This court reserves jurisdiction to make, from time to time, all orders necessary to administer the estate.

(8)     Jill Ford, the former Chapter 7 Trustee ("Ford") and her attorneys, Allen, Sala, & Bayne ("ASB") addressed as classes 2 and 3 in Debtor's Chapter 11 Plan filed an Objection to Debtor's Plan on April 10, 2013 at Docket Number 135.  In resolution of this Objection, the Debtor has agreed to pay these administrative fees in full on or before the effective date of the Plan.  As per the Objection filed by these creditors and the July 11, 2012 order approving (i) Trustee Ford's administrative claim for her fees in the amount of $1,155.00; and (ii) ASB's administrative claim for compensation in the amount of $7,386.76 and cost reimbursement of $487.83, this amount is

$7,874.59. Paying these administrative claims in full on or before the effective date removes any

11 U.S.C. § 1129(a)(9)(A) issues that exist with the Plan thereby bringing the Plan into

compliance. This will be the Plan treatment for the creditors designated at Class 2 (Former

Chapter 7 Trustee Ford) and Class 3 (Trustee Ford's attorneys ASB) and these entities have

agreed to withdraw their Objection to Debtor's Plan.

(9) One West Bank FSB, as servicing agent for U.S. Bank National Association, as trustee for

the LXS 2006-10N ("One West"), filed an Objection to Debtor's Plan on April 3, 2013 at Docket

Number 133. This secured creditor holds a first position lien on real property owned by Debtor

and located at 1924 East Duke Drive, Tempe, Arizona 85283 ("Duke Property"). This claim was

addressed in Class 7 of Debtor's Chapter 11 Plan. The claim was further addressed in the

Stipulation Resolving Objection to Chapter 11 Plan located at docket no. 170 in the

administrative case. Said stipulation is hereby incorporated into this Order. A copy of the

stipulation is set forth hereto as Exhibit "B". The stipulation was approved by Order of the

Court dated December 23, 2013. Said Order is hereby incorporated into this Order. A copy of

the Order is set forth hereto as Exhibit "C". The stipulation and order result in the withdrawal of

One West Bank FSB's objection to the Plan. Pursuant to Section 506(a) of the Bankruptcy

Code, this creditor will be paid the fair market value of $ 107,000.00 as a secured claim, with the

remainder of its claim being treated as a general unsecured claim and paid with the other

unsecured claims in Class 13. The general unsecured claim shall be in the amount of

$ 24,716.22. The secured portion of this claim will be amortized over 30 years at 5.25% interest.

Monthly principal and interest payments will be made to this creditor in the amount of $541.16

and payments will begin on the effective date. This will be the Plan treatment for creditor, One

West, in accordance with the above mentioned Stipulation. Additionally, One West has

withdrawn its Objection to the Debtor's Plan in accordance with the Stipulation, and, also in

accordance with the Stipulation, has voted in its Class 7 Secured ballot in favor of Debtor's

Chapter 11 Plan, as well as aits Class 11 Unsecured ballot voting in favor of Debtor's Chapter 11

Plan. As the terms of the Stipulation are incorporated into this Order, One West is not required

to sign this order.

**IT IS ORDERED THAT** the plan filed by Debtor, a copy of which plan is attached hereto, and the Plan Treatment for creditors Ford, ASB, and One West as outlined above in this Stipulated Order of Confirmation of Chapter 11 Plan, be, and the same hereby is, confirmed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that except as otherwise provided in Section 1141 of the Bankruptcy Code or in the Plan, this Order Confirming Plan discharges the Debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in 11 U.S.C. Section 502(g), 502(h), or 502(j).

**IT IS FURTHER ORDERED ADJUDGED, AND DECREED** that pursuant to 11 U.S.C. Section 524, the discharge effected by the Order of Confirmation:

A. Voids any judgment at any time obtained, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt discharged under Section 1141, whether or not discharge of such debt is waived; and

B. Operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a liability of the Debtor, whether or not discharge of such debt is waived.

C. However, the Debtor will not receive a discharge until all payments have been made under the plan, or he has received a court order allowing for an early discharge of the Debtor in accordance with 11 U.S.C. § 1141(d)(5).

ORDER DATED AND SIGNED ABOVE

Approved as to Form and Content By:

/S/ Michael Jones
Michael A. Jones
Attorney for former Chapter 7 Trustee Jill Ford

/s/ ~~Vincent R. Mayr~~ 013954
Vincent R. Mayr, Esq.                March 19, 2014
Attorney for Debtor

| | |
|---|---|
| **From:** | Vince Mayr |
| **Sent:** | Thursday, January 30, 2014 4:10 PM |
| **To:** | 'Michael Jones' |
| **Subject:** | RE: Your client: Jill Ford; my client: Andy Manrique   Request for Review and signature on Stipulated Order Confirming Plan |

| | |
|---|---|
| **TimeMattersID:** | MD7E4A2DEE037545 |
| **TM Contact:** | Andy Manrique |
| **TM Contact No:** | 10338 |
| **TM Matter No:** | 41635 |
| **TM Matter Reference:** | Manrique, Andy |

No, that's fine.  I just wanted clarification because I see some variations in the "electronic signatures" of different parties.
I will affix " /S/Michael Jones" to the Stipulated Order  and retain the email authorization to do so.  Thank you for your response and your co-operation.

Sincerely yours,

Vince Mayr

VINCENT R. MAYR, ESQ.
CAMPBELL & COOMBS, P.C.
1811 S. ALMA SCHOOL ROAD, SUITE 225
MESA, ARIZONA  85210
Tel. (480) 839-4828
Fax (480) 897-1461
email: vincent@haroldcampbell.com

---

**From:** Michael Jones [mailto:mjones@asbazlaw.com]
**Sent:** Thursday, January 30, 2014 11:39 AM
**To:** Vince Mayr
**Subject:** RE: Your client: Jill Ford; my client: Andy Manrique Request for Review and signature on Stipulated Order Confirming Plan

Unless you need an actual signature, you may use my electronic signature (/s/Michael Jones) to indicate my approval of the Order.

Michael A. Jones

ALLEN, SALA & BAYNE
PLC
1850 N. Central Avenue, Suite 1150
Phoenix, AZ 85004
Ofc:   602-256-6000
Fax:   602-252-4712
mjones@asbazlaw.com

1

Our firm is a debt relief agency. Among other legal services, we help individuals and businesses file for bankruptcy relief under the United States Bankruptcy Code.

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error please notify us at (602) 256-6000. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**From:** Vince Mayr [mailto:Vincent@haroldcampbell.com]
**Sent:** Thursday, January 30, 2014 11:16 AM
**To:** Michael Jones
**Subject:** RE: Your client: Jill Ford; my client: Andy Manrique Request for Review and signature on Stipulated Order Confirming Plan

Thank you Mike, but there was nothing attached. What do you want me to use as your electronic signature as indicated?

Vince

VINCENT R. MAYR, ESQ.
CAMPBELL & COOMBS, P.C.
1811 S. ALMA SCHOOL ROAD, SUITE 225
MESA, ARIZONA 85210
Tel. (480) 839-4828
Fax (480) 897-1461
email: vincent@haroldcampbell.com

**From:** Michael Jones [mailto:mjones@asbazlaw.com]
**Sent:** Thursday, January 30, 2014 11:03 AM
**To:** Vince Mayr
**Subject:** RE: Your client: Jill Ford; my client: Andy Manrique Request for Review and signature on Stipulated Order Confirming Plan

Hi Vince,

The Order looks fine with regard to treatment for Jill Ford and ASB. You may use my electronic signature on the Order as indicated.

Best regards,

Michael A. Jones

ALLEN, SALA & BAYNE
PLC
1850 N. Central Avenue, Suite 1150
Phoenix, AZ 85004
Ofc:    602-256-6000
Fax:    602-252-4712
mjones@asbazlaw.com

Our firm is a debt relief agency. Among other legal services, we help individuals and businesses file for bankruptcy relief under the United States Bankruptcy Code.

2

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error please notify us at (602) 256-6000. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**From:** Vince Mayr [mailto:Vincent@haroldcampbell.com]
**Sent:** Tuesday, January 28, 2014 4:56 PM
**To:** Michael Jones
**Subject:** Your client: Jill Ford; my client: Andy Manrique Request for Review and signature on Stipulated Order Confirming Plan

Good afternoon Michael,

   Its been a while.  I am finally in a position to move forward with the Order Confirming Plan in the Manrique case.  I just need your review and signature.
I have not attached the Exhibits which consist of the originally filed plan, the stipulation with One West, and the Order Approving One West Stipulation ----   all are on the docket in the case.
If you need me to send them over, please advise and I will do so.   Otherwise, I would appreciate it if you could review and, if acceptable, sign, and then scan and email back to me.

If there are problems, please advise.

Sincerely yours,


Vincent Mayr

VINCENT R. MAYR, ESQ.
CAMPBELL & COOMBS, P.C.
1811 S. ALMA SCHOOL ROAD, SUITE 225
MESA, ARIZONA  85210
Tel. (480) 839-4828
Fax (480) 897-1461
email: vincent@haroldcampbell.com

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**EXHIBIT -A- DEBTOR'S PLAN OF REORGANIZATION**

**CAMPBELL & COOMBS, P.C.**
1811 S. Alma School Road, Suite 225
Mesa, Arizona 85210
(480) 839-4828
Fax: (480) 897-1461

Harold E. Campbell
State Bar No. 005160
Maureen N. McAuliffe
State Bar No. 026307
Attorney for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF ARIZONA

In re:

ANDY S. MANRIQUE,

Debtor,

In Proceedings Under
Chapter 11

Case No. 2:10-BK-33580-SSC

## DEBTOR'S PLAN OF REORGANIZATION

The Debtor in the above entitled and numbered Chapter 11 case proposes this Plan of Reorganization.

### ARTICLE I
DEFINITIONS

In reviewing this Plan of Reorganization the following definitions will be used:

1.     "*Andy S. Manrique*" shall mean Andy S. Manrique Debtor-in-Possession in this Chapter 11 proceeding.

2.     "*Code*" shall mean Title 11 of the United States Code as amended.

3.     "*Confirmation of the Plan*" shall mean the entry by the Court of an Order confirming the Plan in accordance with Chapter 11.

4.     "*Consummation of the Plan*" shall mean the accomplishment of all things contained or provided for in the Plan, and the entry of an Order finally dismissing this case.

5.     "*Cornell Drive*" shall refer to Debtor's homestead located at 1956 E. Cornell Drive,

Tempe, Arizona 85283.

6. "*Court*" shall mean the United States Bankruptcy Court for the District of Arizona in which this case is pending.

7. "*Creditors*" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever.

8. "*Debtor*" shall mean Andy S. Manrique, as listed in the caption of the Disclosure Statement and Plan.

9. "*Department of Revenue*" or "*ADOR*" is the Arizona taxing authority empowered to assess and collect income taxes, employment, sales and other taxes imposed by law.

10. "*Disbursing Agent*" shall mean the person or entity that will be responsible for making the payments to creditors called for in the Plan.

11. "*Duke Property*" shall refer to the rental condo located at 1924 E. Duke Dr., Tempe, Arizona 85283.

12. "*Effective Date*" shall mean 30 days after the date on which the Order confirming this Plan of Reorganization becomes final and non-appealable.

13. "*General Unsecured Claims*" shall mean all claims held by creditors of the Debtor, other than Secured Claims and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

14. "*Government Units*" shall mean the Internal Revenue Service, Arizona Department of Revenue and various municipal taxing authorities.

15. "*Insider*" shall mean a relative or general partner of Debtor, a partnership in which the Debtor is a general partner or a corporation of which the Debtor is an officer, director or person in control.

16. "*IRS*" shall mean the Internal Revenue Service.

17. "*Lien*" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on the Debtor's property effective under applicable law as of the date of the Debtor's petition for reorganization.

18. "*Monaco Property*" shall refer to the rental condo located at 5255 S. Monaco Dr., Tempe, Arizona 85283.

19. "*Periodic Payment*" shall mean the monthly or quarterly payments to be made by Debtor after the effective date to fund its Plan.

20. "*Plan*" shall mean the Plan of Reorganization in its present form or as it may be amended or supplemented.

21. "*Priority Claim*" shall mean the claim of any creditor entitled to priority under Section 507 of the Code.

22. "*Secured Claim*" shall mean all claims secured by liens on the property of the Debtor, which liens are valid, perfected, and enforceable under applicable law, are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case.

**ARTICLE II**

GENERAL PROVISIONS

The following general provisions apply to this Plan:

1. <u>Claims</u>: Various types of claims are defined in this plan. The Plan is intended to deal with all claims against Debtors of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502(a). However, only those claims allowed pursuant to Section 502(a) of the Bankruptcy Code will receive treatment afforded by the Plan in Article IV.

2. <u>Preserved Liens</u>: To the extent required under Section 1124(2) of the Bankruptcy Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, be preserved or will otherwise be satisfied by cash payment.

3. <u>Modification of the Plan</u>: This Plan may be modified upon any application by the Debtors or corrected prior to Confirmation after notice and hearing provided that the Bankruptcy Court finds that such modification or correction does not materially or adversely affect any creditor or class of creditors. After confirmation of the Plan the Debtors may, with the approval of the Court and so long as it does not materially and adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the order of Confirmation in such manner as may be necessary to carry out the purpose and effect of this Plan.

**ARTICLE III**

CLASSIFICATION OF CLAIMS

**Class 1: Costs of Administration of this Case**

**a**. <u>Nature of Claim</u>

These claims consist of attorney's fees owed to Campbell & Coombs, PC estimated at time of confirmation to be no more than $20,000.00. All fees due to Campbell & Coombs, PC will be paid pursuant to an Application for Attorney's Fees and Costs that will be submitted to the Court. However, Campbell & Coombs, PC is working off of $10,000.00 left from the original retainer being held in its trust account. Any fees owed to the United States Trustee are also in this class. These claims are priority claims under 11 U.S.C. 507 (a)(1). These claims are currently being calculated.

**b.** <u>Treatment of Class 1 - Unimpaired</u>:

All claims in this class will be paid in full on the effective date. If Debtor cannot pay this amount in full on the effective date, then all plan payments will be applied to this class until paid in full.

**Class 2: Jill Ford, Chapter 7 Trustee, Administrative Claim**

a.  Nature of Claim

This Chapter 7 Priority claim consists of the claims of the Chapter 7 Trustee who was appointed in this case when Debtor's prior counsel initially filed a case under Chapter 7 of the Code.   Per this Court's Order of July 11,2012, this claim is in the amount of $1,155.00.

**b.** Treatment of Class 2 - Unimpaired:

All claims in this class will be paid in full after the claims in Class 1 are paid in full.  After the claims in Class 1 are paid in full, then all plan payments will be applied to this class until paid in full.

**Class 3: Allen, Sala, & Bayne, PLC, Counsel for Chapter 7 Trustee, Administrative Claim**

a.   Nature of Claim

This Chapter 7 priority claim consists of the Counsel for Chapter 7 Trustee who was appointed in this case when Debtor's prior counsel initially filed a case under Chapter 7 of the Code.  Per this Court's Order of July 11,2012, this claim is in the amount of $6,548.83.

**b.** Treatment of Class 3 - Unimpaired:

All claims in this class will be paid in full after the claims in Classes 1 and 2 are paid in full.  After the claims in Classes 1 and 2 are paid in full, then all plan payments will be applied to this class until paid in full.

**Class 4: Internal Revenue Service ("IRS"), Priority Unsecured Claim**

a.  Nature of Claim These class consists of all Internal Revenue Service tax claims in the amount of not more than $570.90 for tax years 2009, 2010, and 2011 .  Per its proof of claim, the tax claim consists of a priority unsecured claim of $370.90 for tax year 2009.  The remaining $200.00 on the proof of claim filed by the IRS is tax liability that was assessed for non-filing returns for tax years

2010 and 2011.  The returns for tax years 2010 and 2011 have since been filed by Debtor and show no additional tax liability for these tax years and instead demonstrate that Debtor will be receiving refunds in amounts sufficient to cover the $370.90 debt to the IRS.  Debtor anticipates that the IRS will retain his refunds for 2010 and 2011 to cover the debt owed and that the IRS will either amend or withdraw it's proof of claim to reflect the same.

**b.** <u>Treatment of Class 2 - Unimpaired</u>: Debtor has filed his 2010 and 2011 taxes.  The IRS tax claim will be paid in full from Debtor's refunds for tax years 2010 and 2011 and it is anticipated that the IRS will amend or withdraw it's proof of claim accordingly.

**Class 5: J.P. Morgan Chase Bank, N.A.**

a. <u>Nature of Claim:</u> This class consists of the allowed secured first mortgage claim on Debtor's homestead located at 1956 E. Cornell Dr., Tempe, AZ 85283.

b. <u>Treatment of Class 5 :</u>  Debtor shall pay this claim in full as per the note and deed of trust entered into between creditor and borrower on January 4, 2006 (or as per any subsequent loan modification potentially entered into between the parties in the future).  Debtor's first mortgage is on a 30 year term, at a contract interest rate of 6.625% (this is an adjustable rate mortgage).  The Debtor will pay the total amount of principal and interest due.  Debtor will also catch up any arrears on this secured debt, outside the Plan, within 24 months of the Plan's effective date.  Debtor is also in negotiations with this creditor on a possible loan modification that would allow a fixed interest and resolve any issue pertaining to arrearages.

**Class 6: J.P. Morgan Chase Bank, N.A.**

**a**. <u>Nature of Claim:</u>  This class consists of the Allowed Secured Claim held by J.P. Morgan Chase Bank. N.A., which is secured by a second position Deed of Trust on the property located at 1956 E.

Cornell Dr., Tempe, AZ 85283.

**b.** <u>Treatment of Class 6- Impaired</u>:  This class consists of a second mortgage, in favor of J.P. Morgan Chase Bank, N.A., that is secured by the real property located at 1956 E. Cornell Dr., Tempe, AZ 85283, which Debtors believe has a fair market value of $125,000.00 based on an appraisal and Debtor's knowledge of properties in the area and comparative sales.  This is an amount  less than the amount owed to the first mortgagee, J.P. Morgan Chase Bank, N.A.. Therefore, this is an unsecured claim pursuant to Section 506(a) of the Bankruptcy Code because the value of the real property is less than the amount of the first mortgage.  This claim will be treated as a general unsecured claim and paid with the other unsecured claims in Class 11.   Upon completion of Debtors' Plan and discharge, this debt will be discharged and this creditor will record a release of its lien.  The confirmation order, pursuant to 11 U.S.C. 1129, and an adversary proceeding, will avoid and strip this lien.

**Class 7: IndyMac Mortgage Services ("IndyMac") (Duke Property)**

**a.** <u>Nature of Claim</u>:   This is a secured claim in the amount of $131,115.67  which is secured by a first position deed of trust on the Real Property located at 1924 E. Duke Dr., Tempe, Arizona 85283.

**b.** <u>Treatment of Class 7 - Impaired</u>: :   Pursuant to Section 506(a) of the Bankruptcy Code, this creditor will be paid the fair market value $88,600.00 as a secured claim (see Exhibit H) , with the remainder of its claim being treated as a general unsecured claim and paid with the other unsecured claims in Class 11.  The secured portion of this claim will be amortized over 30 years at 5.00% interest.  Monthly principal and interest  payments will be made to this creditor in the amount of $475.62 and payments will begin on the effective date.

**Class 8: IndyMac Mortgage Services ("IndyMac") (Duke Property)- 2nd Mortgage**

**a.** <u>Nature of Claim</u>: This class consists of the Allowed Secured Claim held by IndyMac Mortgage

7

Services, which is secured by a second position Deed of Trust on the property located at 1924 E. Duke Dr., Tempe, Arizona 85283.

**b.** Treatment of Class 8 - Impaired: This class consists of a second mortgage, in favor of USAA Federal Savings Bank, that is secured by the real property located at 1924 E. Duke Dr., Tempe, Arizona 85283, which Debtor believes has a fair market value of $88,600.00 based on an appraisal and Debtor's knowledge of properties in the area and comparative sales. This is an amount less than the amount owed to the first mortgagee, IndyMac Mortgage Services. Therefore, this is an unsecured claim pursuant to Section 506(a) of the Bankruptcy Code because the value of the real property is less than the amount of the first mortgage. This claim will be treated as a general unsecured claim and paid with the other unsecured claims in Class 11. Upon completion of Debtor's Plan and discharge, this debt will be discharged and this creditor will record a release of its lien. The confirmation order, pursuant to 11 U.S.C. 1129, and an adversary proceeding, will avoid and strip this lien.

**Class 9: Nationstar Mortgage, LLC (Monaco Property)**

**a.** Nature of Claim: This is a secured claim in the amount of $136,346.73 which is secured by a first position deed of trust on the Real Property located at 5255 S. Monaco Drive, Tempe, Arizona 85283..

**b.** Treatment of Class 9 - Impaired: : Pursuant to Section 506(a) of the Bankruptcy Code, this creditor will be paid the fair market value $88,800.00 as a secured claim (see Exhibit H) , with the remainder of its claim being treated as a general unsecured claim and paid with the other unsecured claims in Class 11. The secured portion of this claim will be amortized over 30 years at 5.00% interest. Monthly principal and interest payments will be made to this creditor in the amount of $496.56 and payments will begin on the effective date.

8

**Class 10: Chase Auto Finance**

  **a**. <u>Nature of Claim</u>: This is a secured claim in the amount of $19,477.80 secured by a lien on Debtor's 2005 Porsche 911 Turbo.   When Debtor originally filed his Chapter 7 case, he initially believed that this car was worth $66,007.00 and had a secured lien of $47,860.00.  After doing required research for the filing of this Disclosure Statement, Debtor discovered that the fair market value of this vehicle is approximately $29,625.00 and his debt to Chase Auto Finance is actually only $19,477.80.

  **b.** <u>Treatment of Class 10 - Impaired</u>: Debtor shall pay this claim in full at an interest rate of 3.9% with 60 equal monthly payments of $357.84,  beginning on first day of the month following the effective date, continuing on the first day of the month thereafter until paid in full.


**Class 11: Dr. Vernon Eddlemon**

  **a**. <u>Nature of Claim</u>: This class includes the debt to Dr. Vernon Eddlemon, the dentist from which Debtor purchased the dental practice, New Image Dentistry.  Debtor still owes Dr. Eddlemon $85,000.00 on the contract to purchase this practice.

  **b.** <u>Treatment of Class 11 - Impaired</u>: Debtor shall pay this claim in full, outside the plan,  with 120 equal monthly payments of $710.00,  beginning on first day of the month following the effective date, continuing on the first day of the month thereafter until paid in full.

**Class 12: Compass Bank**

  **a**. <u>Nature of Claim</u>:  This class consists of the Allowed Secured Claim held by Compass Bank, which is secured by a secondary Deed of Trust on the property located at 1956 E. Cornell Dr., Tempe, AZ 85283.

  **b.** <u>Treatment of Class 12- Impaired</u>:  This class consists of a secondary mortgage lien, in favor of

9

Compass Bank, that is secured by the real property located at 1956 E. Cornell Dr., Tempe, AZ 85283,

which Debtor believes has a fair market value of $125,000.00 based on an appraisal and Debtor's

knowledge of properties in the area and comparative sales. This is an amount less than the amount

owed to the first mortgagee, J.P. Morgan Chase Bank, N.A.. Therefore, this is an unsecured claim

pursuant to Section 506(a) of the Bankruptcy Code because the value of the real property is less than

the amount of the first mortgage. This claim will be treated as a general unsecured claim and paid

with the other unsecured claims in Class 13. Upon completion of Debtors' Plan and discharge, this

debt will be discharged and this creditor will record a release of its lien. The confirmation order,

pursuant to 11 U.S.C. 1129, and an adversary proceeding, will avoid and strip this lien.

**Class 13: General Unsecured Claims**

**a**. Nature of Claim: This class includes secured debt listed in classes 6 through 9, and Class 12 that

has become unsecured debt pursuant to Debtor's Plan stripping said creditors' lien or as a result of a

cram down. This class also consists of all unsecured debt listed on Debtor's Schedule F, other than the

debt to Dr. Eddlemon which has been addressed in class 11 .

**b**. Treatment of Class 13 - Impaired: This class consists of the Allowed Unsecured Claims of

Creditors. This class will be paid a pro-rata portion of their claims by monthly payments of Debtor's

disposable income beginning after Class 4 is paid, see **Exhibit "G"**. These payments will continue

through month sixty (60) of Debtor's Plan, or until the sum of $63,600.00 is paid, at which time their

debts will be discharged.

**ARTICLE V**
MEANS FOR EXECUTION OF PLAN

The Debtors' Plan will be funded through salary from George's employment at United Airlines, and

10

net income from the rental of the two investment properties.  The Debtors shall act as the Disbursing Agent under the Plan. Payments will be made monthly under the plan of $1,060.00.

In the event any entity which possesses an Allowed Secured Claim, or any other lien in any of the Debtors' property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtors may record a copy of the Plan and the Confirmation Order with the appropriate governmental agency and such recording shall constitute the lien release and creation of the necessary new liens to satisfy the terms of the Plan.  If the Debtors deem advisable, they may obtain a further Order from the Court which may be recorded in order to implement the terms of the Plan.

## ARTICLE VI

### RETENTION OF JURISDICTION

The Court retains jurisdiction of this case after Confirmation until all payments and distributions called for under the Plan have been made and until the Consummation of Plan, in respect to the following matters:

A  .To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

B.  To hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

C.  To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claims;

D.  To adjudicate all claims to any lien on any property of the Debtor or any proceeds thereof;

E.  To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

F.  To allow or disallow any claim; and

G. To make such orders as are necessary or appropriate to carry out the provisions of this Plan.

If any claim or any portions thereof is challenged or has been challenged by objection or otherwise, the Debtor shall segregate and set aside a portion of the Creditors' fund sufficient to satisfy the distribution which would be payable under the plan on such claim as filed, or as scheduled by the Debtor. The portion of the Creditors' Fund not so segregated shall be distributed in accordance with the provisions of this Plan. In the event an objection is sustained or a dispute is resolved favorably to the party asserting such claim, then the segregated funds shall be paid to the party asserting the disputed claim in accordance with this Plan. If the objection is overruled, the segregated funds shall be added back in to the Creditors' Fund.

DATED: February 28, 2013

CAMPBELL & COOMBS, P.C.

By:      /s/ Maureen N. McAuliffe  #026307
                Attorney for Debtor

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -B- STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**CAMPBELL & COOMBS, P.C.**
1811 S. Alma School, Suite 225
Mesa, Arizona 85210
Phone: (480) 839-4828; Fax: (480) 897-1461

Harold E. Campbell, Esq.
State Bar No. 005160
Vincent R. Mayr, Esq.
State Bar No. 013954
*Attorneys for Debtor*
Vincent@haroldcampbell.com

CHARLES L. FIRESTEIN, P.C.
Charles L. Firestein (#002986)
7227 N 16th Street, Ste 124
Phoenix, Arizona 85020
(602) 235-9000; Fax: (602) 235-9040
Email: Charles@firesteinpc.com

BUCKLEY MADOLE, P.C.
9441 LBJ Freeway, Ste 250
Dallas, Texas 85243
Attorneys for Secured Creditor One West Bank, FSB

## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| ANDY S. MANRIQUE, | Admin Case No. 2:10-bk-33580-SSC |
| Debtor. | |
| ONE WEST BANK, FSB, as SERVICING AGENT FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LEX2006-10N, its assignees and/or successors in interest, | **STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN** |
| Movant. | |
| vs. | |
| ANDY S. MANRIQUE, Debtor | |
| Respondent. | |

This stipulation is entered into by and between Andy S. Manrique (hereafter the "Debtor") and OneWest Bank, FSB, as Servicing Agent for U.S. Bank National Association, as Trustee for the LEX2006-10N, its assignees and/or successors in interest, Movant, by and through their respective counsel undersigned. This Stipulation Resolves Movant's Objection to Debtor's Chapter 11 Plan of Reorganization.

## A. BACKGROUND

1. This bankruptcy was filed on October 19, 2010 as a Chapter 7.

2. On June 5, 2012 the case was converted to a Chapter 11 proceeding.

3. Movant filed its proof of claim on January 23, 2013 as a secured creditor with a security interest in the property located at 1924 East Duke Drive, Tempe, Arizona 85283 with the following legal description:

   LOT 103, KNOELL VILLE MONACO, ACCORDING TO BOOK 155 OF MAPS, PAGE 27, RECORDS OF MARICOPA COUNTY, ARIZONA.

   (Hereafter the "Property" or the "Collateral")

4. Debtor filed his Chapter 11 Plan on February 28, 2013 at docket number 126.

5. Movant filed its Objection to Chapter 11 Plan on April 3, 2013 at docker number 133.

6. There have been numerous negotiations relating to this plan objection and the treatment of this secured creditor for its first lien position on the Property.

7. There have been a number of continued court hearings while this matter has been progressing to resolution.

8. The parties have now resolved their differences and hereby stipulate to the treatment and actions set forth below.

## B. STIPULATIONS OF THE PARTIES

2

In full consideration of their positions in this matter, The Parties Hereby Stipulate and Agree as Follows:

1.  The value of the Subject Property (the Collateral), for purposes of the chapter 11 plan, is fixed at $ 107,000.00.

2.  The total amount of the Secured Claim against the Collateral is agreed to be $ 107,000.00. The total amount of the unsecured claim shall be $ 24,716.22.

3.  The Debtor shall pay the Secured Claim in monthly payments, amortized over thirty (30) years, with interest at 5.25% interest per annum.

4.  The Debtor shall tender principal and interest payments in equal monthly installments commencing thirty (30) days after the Effective Date of the Plan and continuing until all such outstanding amounts under the Secured Claim are paid in full.

5.  The terms of this Stipulation are contingent upon the substantial consummation of the Debtor's Confirmed Plan. The terms of this Stipulation may not be modified, alternated, or changed by the Plan, any confirmation order thereof, any subsequently proposed amended Chapter 11 Plan of Reorganization, or Confirmation Order, without the express written consent of the Secured Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtors' Plan, the terms of this Stipulation shall control the treatment of this Secured Creditor's claim.

6.  This Stipulation shall constitute a Class 7 Secured ballot voting in favor of Debtors' Chapter 11 Plan, as well as a Class 11 Unsecured ballot voting in favor of Debtors'

3

Chapter 11 Plan.

7.    In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Secured Creditor shall provide written notice via certified mail at the last known address of the Debtor and to the Debtor's counsel of record indicating the nature of the default. Barring any bona-fide legal dispute, if the Debtor fails to cure the Default with certified funds after the passage of thirty (30) calendar days from the date said written notices are placed in the mail, then the Automatic Stay shall terminate and Secured Creditor may proceed to foreclose its security interest in the Collateral under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Collateral without further notice, order or proceeding of this Court. If there is a bona-fide legal dispute relating to the alleged default, debtor will advise Secured Creditor within the thirty (30) day period and immediately have a court hearing set for the bankruptcy judge to consider the matter. Failing that, Secured Creditor may proceed as described in this paragraph.

8.    The acceptance of a late or partial payment by the Secured Creditor shall not act as a waiver of its right to proceed hereunder.

9.    In the event the Debtor defaults under this Stipulation and Secured Creditor forwards a 30-day letter to the Debtor and his counsel, the Debtor shall be required to tender a fee of $ 100.00 for each default letter sent to the Debtor. There shall be no fee for letters sent to Debtor's counsel. This fee must be submitted to Secured Creditor, along with any principal and interest needed in order to cure the default.

10.    In the event the Debtor's case is dismissed or converted to any other chapter under

4

Case 2:10-bk-33580-SSC   Doc 170   Filed 09/27/13   Entered 09/27/13 16:10:48   Desc
Case 2:10-bk-33580-BKM   Doc 193   Filed 03/19/14   Entered 03/20/14 07:02:03   Desc
Main Document   Page 25 of 31

Title 11 of the United States Bankruptcy Code, Secured Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall terminate without further notice, order, or proceeding of the Court.

11.   This Stipulation shall be submitted to the Court for its Approval. So long as the Court approves this Stipulation, and the terms of the Stipulation are included in the Order Confirming Debtor's Chapter 11 Plan, then Secured Creditor will not be required to sign the Order Confirming Plan.

The foregoing has been reviewed, approved, and agreed upon, and stipulated to by the parties, by and through their counsel undersigned. Wherefore, the parties respectfully request that the Honorable Court approve this Stipulation and the terms set forth herein.

Respectfully submitted this 19th day of September, 2013

CAMPBELL & COOMBS, P.C.

By: /s/ VRM 013954
Vincent R. Mayr, Esq.
Attorney for Debtor

CHARLES L. FIRESTEIN, P.C.

By: _____
Charles L. Firestein (002986)
7227 North 16th Street, Ste 124
Phoenix, Arizona 85020
Attorney for Creditor

5

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

**EXHIBIT -C- ORDER APPROVING STIPULATION
RESOLVING OBJECTION TO CHAPTER 11 PLAN**

<SPACE ABOVE THIS LINE FOR COURT USE ONLY>

**CAMPBELL & COOMBS, P.C.**
1811 S. Alma School, Suite 225
Mesa, Arizona 85210
Phone: (480) 839-4828 Fax: (480) 897-1461
Harold E. Campbell, Esq. State Bar No. 005160
Vincent R. Mayr, Esq. State Bar No. 013954
*Attorneys for Debtor* Vincent@haroldcampbell.com

**CHARLES L. FIRESTEIN, P.C.**
Charles L. Firestein (#002986)
7227 N 16th Street, Ste 124
Phoenix, Arizona 85020
(602) 235-9000 Fax: (602) 235-9040
Email: Charles@firesteinpc.com
Attorneys for Secured Creditor One West Bank, FSB

**IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDY S. MANRIQUE,<br><br>Debtor.<br><br>ONE WEST BANK, FSB, as SERVICING AGENT FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LEX2006-10N, its assignees and/or successors in interest,<br><br>Movant.<br><br>vs.<br><br>ANDY S. MANRIQUE, Debtor.<br><br>Respondent. | Chapter 11 Proceeding<br><br>Admin Case No. 2:10-bk-33580-SSC<br><br>**ORDER APPROVING STIPULATION RESOLVING OBJECTION TO CHAPTER 11 PLAN** |

The parties having entered into a Stipulation Resolving Objection to Chapter 11 Plan,

The terms of the Stipulation appearing to be fair and reasonable under the circumstances,

IT IS HEREBY ORDERED APPROVING the Stipulation,

IT IS FURTHER ORDERED as follows:

1. This Order relates to the Secured Creditor's first lien/Deed of Trust in relation to the Property located at 1924 Duke Drive, Tempe, Arizona 85283 and described in the Deed of Trust as:

    LOT 103, KNOELL VILLE MONACO, ACCORDING TO BOOK 155 OF MAPS, PAGE 27, RECORDS OF MARICOPA COUNTY, ARIZONA.

    (Hereafter the "Collateral" or the "Property").

2. The value of the Subject Property (the Collateral), for purposes of the chapter 11 plan, is fixed at $ 107,000.00.

3. The total amount of the Secured Claim against the Collateral is agreed to be $ 107,000.00. The total amount of the unsecured claim shall be $ 24,716.22.

4. The Debtor shall pay the Secured Claim in monthly payments, amortized over thirty (30) years, with interest at 5.25% interest per annum.

5. The Debtor shall tender principal and interest payments in equal monthly installments commencing thirty (30) days after the Effective Date of the Plan and continuing until all such outstanding amounts under the Secured Claim are paid in full.

6. The terms of the Stipulation are contingent upon the substantial consummation of the Debtor's Confirmed Plan. The terms of the Stipulation may not be modified, alternated, or changed by the Plan, any confirmation order thereof, any subsequently proposed amended Chapter 11 Plan of Reorganization, or

2

Confirmation Order, without the express written consent of the Secured Creditor. The terms of the Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtors' Plan, the terms of the Stipulation and this Order shall control the treatment of this Secured Creditor's claim.

7.    The Stipulation constitutes a Class 7 Secured ballot voting in favor of Debtor's Chapter 11 Plan, as well as a Class 11 Unsecured ballot voting in favor of Debtor's Chapter 11 Plan.

8.    In the event of any future default on any of the above-described provisions, inclusive of the Stipulation, Secured Creditor shall provide written notice via certified mail at the last known address of the Debtor and to the Debtor's counsel of record indicating the nature of the default. Barring any bona-fide legal dispute, if the Debtor fails to cure the Default with certified funds after the passage of thirty (30) calendar days from the date said written notices are placed in the mail, then the Automatic Stay shall terminate and Secured Creditor may proceed to foreclose its security interest in the Collateral under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Collateral without further notice, order or proceeding of this Court.   If there is a bona-fide legal dispute relating to the alleged default, debtor will advise Secured Creditor within the thirty (30) day period and immediately have a court hearing set for the bankruptcy judge to consider the matter. Failing that, Secured Creditor may proceed as described in this paragraph.

3

9.  The acceptance of a late or partial payment by the Secured Creditor shall not act as a waiver of its right to proceed hereunder.

10. In the event the Debtor defaults under the Stipulation and Secured Creditor forwards a 30-day letter to the Debtor and his counsel, the Debtor shall be required to tender a fee of $ 100.00 for each default letter sent to the Debtor. There shall be no fee for letters sent to Debtor's counsel. This fee must be submitted to Secured Creditor, along with any principal and interest needed in order to cure the default.

11. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Secured Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall terminate without further notice, order, or proceeding of the Court.

12. The Court having approved the Stipulation, so long as the terms of the Stipulation are incorporated into the Order Confirming Debtor's Chapter 11 Plan, then Secured Creditor will not be required to sign the Order Confirming Plan.

**SO ORDERED BY THE JUDGE WHOSE SIGNATURE APPEARS ABOVE**

The foregoing document has been reviewed, and is stipulated to by counsel undersigned.

CAMPBELL & COOMBS, P.C.

By: /s/ VRM 013954
Vincent R. Mayr, Esq.
Attorney for Debtor

CHARLES L. FIRESTEIN, P.C.

By: _____ 04/27/13
Charles L. Firestein (002986)
7227 North 16th Street, Ste 124
Phoenix, Arizona 85020
Attorney for Creditor/Movant

4